**NOT FOR PUBLICATION**

**FILED**

JUL 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLE RAMSER, | No. 17-56342 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02018-CAB-DHB |
| v. | |
| UNIVERSITY OF SAN DIEGO, a California corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted May 13, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,[**] District Judge.

Nicole Ramser appeals the district court's grant of summary judgment to the

University of San Diego ("USD") on her Title IX claim. She also appeals the

district court's denial of leave to amend her complaint and her motion to compel

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

discovery. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Title IX states that "[n]o person shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. §1681(a). For student-to-student harassment under Title IX, a plaintiff must prove: 1) the school "exercised substantial control over both the harasser and the context," 2) the plaintiff suffered "sexual harassment that is so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits provided by the school," 3) the school had "actual knowledge" of the harassment, and 4) the school's response amounts to deliberate indifference that makes students vulnerable to harassment. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000) (ellipsis omitted) (quoting *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. Of Educ.*, 626 U.S. 629, 645, 650–52 (1999)). On appeal, USD only contests the fourth element—whether its response to Ramser's report amounts to deliberate indifference.

Title IX deliberate indifference requires more than mere negligence. *See Davis*, 526 U.S. at 642. A university is deliberately indifferent "only where [its] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Id.* at 648. Here, construing the record as a whole in the

2

light most favorable to Ramser, we conclude that USD's response was not deliberately indifferent for purposes of Title IX liability.

The undisputed facts show that after Ramser was allegedly drugged and raped by a graduate student, Ricky Laielli, in her dorm room, she fled her room, called her friends, and contacted USD campus public safety officer Skillings just before 2 A.M. Skillings called an ambulance and for a student advocate's assistance in accordance with USD's policies in responding to sexual assaults. Less than thirty minutes later, Ramser arrived at the hospital by ambulance. USD's student advocate responded to the hospital and stayed with Ramser until her discharge. By 4:40 A.M., less than three hours after Ramser's initial contact with Skillings, USD had contacted the San Diego Police Department which, by 5:19 A.M., had responded to the hospital. Ramser asked for a rape kit examination, which was done along with a drug test. San Diego police officers facilitated the administration of the rape kit and a drug test at another facility, but they did not go to USD's campus that night to investigate further.

Meanwhile, within about 30 minutes after the alleged incident was reported, USD Community Director Lee and public safety officers Baker, Skillings, and Salton had gone to Ramser's dorm room. Laielli, who was found naked and asleep in Ramser's bed, told them that he and Ramser had been drinking alcohol with Ramser's roommates earlier in the evening, and that he and Ramser had sex. As

3

Baker was talking to Laielli, one of Ramser's roommates cleaned the living room, which had drinks on the floor and cushions in disarray. After brief interviews of Laielli and Ramser's roommates, Baker took a few photos of the room, and Skillings drove Laielli home. On the Monday after the incident, which occurred on a Saturday night, USD convened a Critical Incident Response Team meeting, responded to Ramser's request for new campus housing, gave her parking associated with the new housing, and issued no-contact orders to Ramser and Laielli. USD eventually granted Ramser a medical leave. After conducting an investigation, USD held a Critical Issues Hearing and found by a preponderance of the evidence that Laielli was not guilty of rape.

Ramser contends that USD's response was deliberately indifferent in several respects, including delaying calling the police that night and attempting to dissuade her from involving the police, failing to give her parking closer to her night classes, and failing to give her academic accommodations. These facts, even if true, are not sufficient to create a triable issue of material fact on the question of deliberate indifference. A Memorandum of Understanding between USD and the San Diego Police Department required that the police be contacted in instances of an alleged violent crime on campus, and Ramser does not dispute that at USD's request, the police responded within a few hours after the incident. The parties dispute whether the specific type of parking pass that Ramser wanted was

available, but there is no dispute that Ramser's complaint about the parking accommodation prompted USD to immediately offer her an escort to her classes. Ramser's professors, some of whom presumably did not know about the alleged rape,[1] certainly could have offered her academic accommodations. That they failed to do so, without more, does not rise to the level of deliberate indifference.

Ramser argues that USD botched the investigation by failing to preserve evidence and failing to adequately interview witnesses the night of the incident. Baker, the first USD public safety officer to arrive at the dorm room, testified that he did not hear Ramser say that she was raped, only that a student had drugged her and tried to have sex with her. Ramser, on the other hand, contends that Baker knew or should have known to investigate for sexual assault. Under the facts here, this dispute is immaterial. Ramser cites no authority showing that USD had the duty, despite police involvement, to investigate that night. And while Baker's failure to preserve the drinks may have been negligent, that failure did not appear to impair the police's ability to gather evidence. Again, Ramser was tested for drugs, and the police (who at this point were involved in the investigation) could have, but did not choose to, conduct a further investigation that night at her dorm

---

[1] USD left it up to Ramser to decide whether to disclose the sexual assault to her professors. Ramser disclosed the assault to one of three professors she emailed requesting academic accommodations.

room.[2]

Finally, Ramser disputes the fairness of USD's administrative hearing and argues that its failure to punish Laielli evidences deliberate indifference. The record shows, however, that she was informed in writing of the hearing date and encouraged to contact USD before the hearing to review the evidence that the university would consider. Shortly prior to the hearing, USD reached out to Ramser again when it did not hear from her and informed Ramser that she could submit a written response to evidence, including a victim impact statement, if she could not attend the hearing in person. Viewing the record as a whole, we conclude that the district court did not err in granting summary judgment to USD.

2.      Ramser also appeals the district court's denial of leave to file a second amended complaint. Reviewing for abuse of discretion, *see Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017), we affirm because Ramser failed to comply with the district court's scheduling order, and failed to demonstrate good cause for that failure.

---

[2] Contrary to the dissent's contention, USD public safety officers did in fact question Laielli and Ramser's roommates that night. As for the failure to prevent Ramser's roommate from cleaning up, no evidence supports the dissent's contention that such conduct was more than negligence or that it impacted the police's ability to investigate. Again, nothing prevented the San Diego Police Department from interviewing witnesses that night or responding to the scene to gather the cups or drinks that could have still been on the scene. The police did not do so.

3.     Finally, Ramser argues the district court denied her relevant discovery, namely, a spreadsheet of prior sexual assaults at USD and other prior sexual assault evidence.  We will reverse the denial of discovery only if it resulted "in actual and substantial prejudice to the complaining litigant."  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Ramser's requests were overbroad, but in any event, because she failed to show that the district court's decision prejudiced her, we affirm.

**AFFIRMED.**

*Ramser v. University of San Diego*, No. 17-56342

OWENS, Circuit Judge, dissenting:

I respectfully dissent. In my view, construing the facts in the light most favorable to Ramser, a jury could find that USD acted with deliberate indifference.

The actions of the USD officials who visited Ramser's dorm room are especially troubling. After Ramser alerted USD authorities that she was allegedly drugged and raped, public safety officer Baker found the alleged perpetrator, Laielli, naked in her bed. Community Director Lee and public safety officers Skillings and Salton arrived soon after, and no one secured the scene, took statements from Laielli or Ramser's roommates, took the cups or drinks to be tested for drugs, or otherwise attempted to preserve evidence. Instead, they allowed a roommate to clean the dorm room, and drove Laielli home. This conduct made it almost impossible to properly investigate Ramser's complaint of sexual assault. Thus, there is a triable issue of material fact regarding whether USD's "response was 'clearly unreasonable in light of the known circumstances,'" and whether Ramser was prejudiced as a result. *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)).

Accordingly, I would reverse and remand for further proceedings.